IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DANA JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 6:20-cv-753 |
| VS. | § | |
| | § | Jury Trial Demanded |
| CAMERON INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Dana Jones files this Complaint against Defendant Cameron Independent School District.

## Parties

1. Plaintiff Dana Jones is an individual residing in Texas.

2. Defendant Cameron Independent School District (Cameron ISD) is a school district organized in accordance with Texas law. Cameron ISD may be served with process through its superintendent, Kevin Sprinkles, 304 E. 12th, Cameron, Texas 76520.

## Jurisdiction and Venue

3. This Court has federal question jurisdiction because the case arises under the Family and Medical Leave Act (FMLA) and the Americans with Disabilities Act (ADA).

4. Venue is proper because Ms. Jones resides in this District and because Cameron ISD resides in this District for purposes of 28 U.S.C. § 1391(d).

## Claim for Relief

5. Ms. Jones started work with Cameron ISD in August 2018. She was a classroom teacher at the beginning of the 2019-2020 school year under a standard one-year contract.

1

6. Ms. Jones was diagnosed with breast cancer. Ms. Jones took medical leave for surgery, which consisted of a double mastectomy and the removal of lymph nodes. Ms. Jones was out for six weeks, returning to work on or about October 15, 2019. The course of treatment included ongoing chemotherapy and medical examinations. This triggered rights and duties under federal law:

    (a) Ms. Jones's condition is a disability for purposes of the ADA, in that it substantially limits major life activities and major bodily functions. As a result, the ADA obligated Cameron ISD to reasonably accommodate the disability (which includes granting medical leave) and prohibited Cameron ISD from discriminating against Ms. Jones because of the disability.

    (b) Cameron ISD was an "employer" for purposes of the FMLA, and Ms. Jones was an "eligible employee" for purposes of the FMLA. Accordingly, the FMLA entitled Ms. Jones to up to 12 weeks of medical leave, including intermittent leave. The surgery and subsequent treatment constituted a "serious health condition" that qualified for leave under the FMLA. The FMLA also required Cameron ISD to restore Ms. Jones to her position and prohibited Cameron ISD from interfering with the exercise of Ms. Jones' rights under the FMLA.

7. Initially, Cameron ISD granted the leave required by the FMLA and the ADA. Subsequently, however, Cameron ISD discriminated against Ms. Jones because of her disability and interfered with her exercise of her rights under the FMLA.

8. In particular, the principal and others expressed hostility to Ms. Jones' ongoing doctor appointments, which caused her to miss work. The principal said that she did not approve

of all of the doctor appointments, and within a month of Ms. Jones' return she removed Ms. Jones from her classroom position and told her that the contract would not be renewed at the end of the school year. The principal attempted to justify this based on the false claim that Ms. Jones had not completed guided reading materials. In fact, the principal acknowledged that she had seen Ms. Jones completing the materials. But even if the principal was right (which she was not), this would not have been a valid justification for summarily non-renewing Ms. Jones' contract. Instead, this was a transparent pretext for discrimination based on Ms. Jones' disability and medical leave.

9. In November 2019, the principal reassigned Ms. Jones as Math Interventionist/District Alternative Placement (DAEP). Given Ms. Jones' weakened state due to her disability, and due to a lack of training, she was not well suited for the DAEP position. After a short time, Ms. Jones was moved out of that position and spent the rest of the year as a Math Interventionist. She was never restored to a classroom teaching position.

10. To sum it up, Cameron ISD violated the ADA and the FMLA when it reassigned Ms. Jones and non-renewed her contract because:

(a) Ms. Jones has an actual disability due to her breast cancer, the surgery, and the continuing course of treatment;

(b) Cameron ISD was aware of the disability;

(c) Ms. Jones requested a reasonable accommodation in the form of medical leave;

(d) The FMLA protected the medical leave;

(e) Cameron ISD purported to grant the accommodation and leave, but quickly took steps to remove Ms. Jones as a teacher and to non-renew her contract, because of hostility toward the medical leave; and

3

(f) Cameron ISD invented an excuse to remove Ms. Jones from a teaching position and then to non-renew her contract, thus effectively terminating her.

11. Ms. Jones filed a charge of discrimination with the EEOC on April 29, 2020. This charge was drafted by the EEOC, as Ms. Jones was pro se at the time. The EEOC issued a right to sue letter on May 21, 2020, which forms the basis for the ADA claims in this lawsuit. On August 10, 2020, Ms. Jones (now represented by counsel) filed a second charge of discrimination with the EEOC to ensure that all of her allegations are administratively exhausted. The second charge adds no new claims, but rather addresses the paucity of detail in the original charge drafted by the EEOC. The EEOC has not yet issued a right to sue letter for the second charge.

12. All conditions precedent have occurred or been satisfied.

13. Cameron ISD reassigned and terminated (by non-renewing the contract) Ms. Jones because of her disability or because it regarded her as disabled. Cameron ISD initially accommodated Ms. Jones' disability by permitting her extended medical leave, but then effectively eliminated the accommodation by removing her from a teaching position and then terminating her on a pretext. This violated the ADA.

14. Additionally, and in the alternative, Cameron ISD interfered with Ms. Jones' rights under the FMLA by removing her from her position and then terminating her because of her ongoing intermittent leave. Alternatively, Cameron ISD interfered with the exercise of Ms. Jones' rights under the FMLA and retaliated against Ms. Jones for the exercise of her rights under the FMLA, namely, her request for medical leave.

15. Cameron ISD is liable to Ms. Jones for back pay, reinstatement or alternatively front pay, compensatory and punitive damages in the amount of the applicable cap, liquidated

damages under the FMLA, attorneys' fees, pre- and post-judgment interest as provided by law, and all costs of court.

16. Ms. Jones demands a trial by jury.

For the foregoing reasons, Defendant should be cited to appear and answer and, upon final hearing, the Court should enter judgment in favor of Plaintiff and against Defendant for:

(1) Back pay;

(2) Reinstatement or in the alternative front pay;

(3) Compensatory damages;

(4) Punitive damages;

(5) Liquidated damages under the FMLA;

(6) Attorneys' fees;

(7) Pre- and post-judgment interest as provided by law;

(8) All costs of court; and

(9) Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ David C. Holmes
David C. Holmes
Texas Bar No. 09907150
Law Offices of David C. Holmes
13201 Northwest Freeway, Suite 800
Houston, Texas 77040
Telephone: (713) 586-8862
Facsimile: (713) 586-8863
dholmes282@aol.com

ATTORNEY FOR PLAINTIFF